FILED
2006 Jan-04 AM 10:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>MIDDLE DIVISION</u>

| | |
|---|---|
| BENJAMIN NELSON | ) |
| | ) |
| v. | ) CR. NO. 03-C-30-M |
| | ) CV. NO. 05-C-8067-M |
| UNITED STATES OF AMERICA | ) |

<u>MEMORANDUM OF OPINION</u>

Benjamin Nelson pled guilty in this court to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(5)(b); six counts of transporting and shipping child pornography in violation of 18 U.S.C. § 2252(a)(1); (b)(1); and five counts of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2)(A). At the sentencing hearing, Nelson was sentenced to a term of 60 months on count one and 70 months on counts two through twelve with each count to run concurrently with the other. The Judgment incorrectly stated that Nelson was sentenced to concurrent terms of 70 months on all counts. Nelson appealed from his conviction and sentence. On August 26, 2004, the Eleventh Circuit Court of Appeals dismissed the appeal for lack of jurisdiction based upon the waiver of appeal provision in the plea agreement.

On August 18, 2005, Nelson, through counsel, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody raising two issues which are addressed below.

An Order to Show Cause was entered which required the government to appear and show cause why the relief requested by Nelson should not be granted. The government has filed a response to the order to show cause. The Court entered an Order advising Mr. Nelson that the government's response would be considered as a motion for summary judgment. The Order afforded Nelson an opportunity

to file affidavits or other material in opposition to the motion and advising him of the consequences of default.

1)  Whether Nelson's sentence for possession of child pornography
    should have been 60 months rather than 70 months

Nelson is entitled to relief on this claim. The sentencing transcript reflects the following:

MR. PHILLIPS: Your Honor, I guess a point of clarification. I believe Your Honor on Count One – I know the law has changed recently – but I believe the statutory maximum for Count One at this period of time was five years, and I thought I understood the Court to impose 70 months on Count One.

THE COURT: All right. 60 months on Count One, and 70 months on the remaining counts, with the sentence on each count to run concurrently with the sentence on the other.

(Doc. #56, p. 19).

As it was the court's intention to sentence Nelson to 60 months on count one, possession of child pornography, an Order Correcting Judgment and Commitment will be entered reflecting the correct sentence.

(2)  Whether Nelson's sentence was enhanced in violation of *United States v. Booker*, 125 S.Ct. 738 (2005) and *United States v. Shelton*, 400 F.3d 1325 (11th Cir. 2005)

Nelson's conviction was final no later than November 29, 2004. *Booker* was decided on January 12, 2005. In *United States v. Varela*, 400 F.3d 864 (11th Cir.), *cert. denied*, 126 S.Ct. 312 (2005), the Eleventh Circuit Court of Appeals has held that *Booker* was not retroactively applicable to cases on collateral review. Nelson is therefore not entitled to relief on this issue. *United States v. Shelton* does not convince the court otherwise as *Shelton* was decided in the context of a direct appeal.

The § 2255 motion is due to be GRANTED to the extent that the judgment will be amended to reflect that Nelson was sentenced to a term of 60 months on count one. The motion is otherwise due

to be DENIED. A separate order consistent with this memorandum of opinion will be entered simultaneously herewith as well as an Order Correcting Judgment and Commitment reflecting the correct sentence with respect to count one.

Done this 3rd day of January, 2006.

_____
U.W. Clemon
Chief United States District Judge